UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT



UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　　v.

RUSSELL LEE MCBEE,
　　　　　*Defendant-Appellant.*

No. 00-4129

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　　v.

LORI ANN DENISE MCBEE,
　　　　　*Defendant-Appellant.*

No. 00-4130

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-99-18-BR)

Submitted: September 14, 2000

Decided: October 18, 2000

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas K. Maher, RUDOLF, MAHER, WIDENHOUSE &
FIALKO, Chapel Hill, North Carolina; Joseph E. Zeszotarski, Jr.,

POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Russell Lee McBee was convicted by a jury of two counts of felony child abuse in violation of N.C. Gen. Stat. § 14-318.4(a) (1993) as assimilated by 18 U.S.C.A. § 13 (West 2000), one count of second degree murder in violation of 18 U.S.C. § 1111 (1994), one count of assault on a child under the age of 16 in violation of 18 U.S.C.A. § 113 (West 2000), and one count of contributing to the delinquency and neglect of a minor in violation of N.C. Gen. Stat. § 14-316.1 (1993) as assimilated by 18 U.S.C.A. §§ 13 and 2 (West 2000). Russell Lee's wife, Lori Ann Denise McBee, was convicted by a jury of one count of misprision of a felony in violation of 18 U.S.C. § 4 (1994), one count of involuntary manslaughter in violation of 18 U.S.C. § 1112 (1994), one count of misdemeanor child abuse in violation of N.C. Gen. Stat. § 14-318.2 (1993) as assimilated by 18 U.S.C. § 13, and one count of contributing to the delinquency of a minor in violation of N.C. Gen. Stat. § 14-316.1 as assimilated by 18 U.S.C. §§ 13 and 2. The convictions arose out of the injuries and death suffered by their infant child, Di'Shawna.

On appeal, Russell Lee McBee contends that: (1) the evidence was insufficient to sustain his convictions; (2) the district court erred by not instructing the jury to not consider evidence of a slide which allegedly created the inference that Di'Shawna's fatal injury was caused by a man; and (3) the court committed plain error by permitting testimony regarding his temper. Lori Ann Denise McBee con-

tends that the evidence was insufficient to sustain her conviction for involuntary manslaughter and misprision of a felony. Finding no reversible error, we affirm.

A jury verdict must be upheld if there exists substantial evidence to support it, viewing the evidence in the light most favorable to the government. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We find that the McBees' convictions were supported by substantial evidence.

Insofar as Russell Lee McBee contends that the district court erred with respect to a slide, we find that the court did not abuse its discretion by not instructing the jury to disregard the slide and the testimony coinciding with the slide. *See United States v. Rhynes*, 206 F.3d 349, 368 (4th Cir. 1999), *cert. denied*, ___ U.S. ___ , 68 U.S.L.W. 3748 (U.S. June 5, 2000) (No. 99-9386). We also find that the district court did not commit plain error when it admitted brief testimony concerning Russell Lee McBee's attitude during a telephone conversation. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*